IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO MORRIS,

    Petitioner,                        No. 2:11-cv-1264 GEB JFM P

   vs.

GARY SWARTHOUT, Warden, et al.,

    Respondents.                   FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of twenty-five years to life in prison following his 1986 conviction on charges of first degree murder, burglary, and assault with a deadly weapon. Petitioner challenges a 2010 decision of the California Board of Parole Hearings (Board) to deny him a parole date for a period of seven years. Petitioner claims that application of the provisions of Proposition 9, so-called Marsy's Law, at the 2010 hearing violated the Ex Post Facto Clause of the United States Constitution. Petitioner also claims that his right to due process was violated because the Board's decision was unsupported by any factual evidence and because the Board relied on "unreliable risk assessment tools" in denying him a parole date. This matter is before the court on respondents' motion to dismiss pursuant to

/////

1

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). Petitioner opposes the motion in part.

Rule 4 of the Habeas Rules requires a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." A motion for summary dismissal pursuant to Rule 4 of the Habeas Rules is an appropriate motion in habeas proceedings. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

I. Ex Post Facto Violation

Petitioner's first claim for relief is that the Board violated the Ex Post Facto Clause by applying to him an increased time between parole hearings in accordance with the provisions of Proposition 9, also known as Marsy's Law, enacted into law in California in November 2008. Petitioner was convicted and sentenced to 25 years to life with the possibility of parole in 1986, twenty-two years prior to the passage of Proposition 9. Respondents' first contention is that this claim should be dismissed because it overlaps with relief requested in a pending class action, Gilman v. Fisher, 05-0830 LKK GGH P, and petitioner's rights are fully protected as a member of the Gilman class.

Prior to enactment of Proposition 9, under California law parole hearing were to be conducted annually and the Board was authorized to defer subsequent hearings for "'[t]wo years after any hearing at which parole is denied if the board finds that it is not reasonable to expect that parole would be granted a hearing during the following year and states the bases for the finding'" or up to five years for convicted murderers. Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (quoting former California Penal Code § 3041.5(b)(2)). "Proposition 9 significantly changed the law governing deferral periods." Gilman, id.

> The most significant changes are as follows: the minimum deferral period is increased from one year to three years, the maximum deferral period is increased from five years to fifteen years, and the default deferral period is changed from one year to fifteen years. See id. Further, the burden to impose a deferral period other than

>the default period increased. Before Proposition 9 was enacted, the deferral period was one year unless the Board found it was unreasonable to expect the prisoner would become suitable for parole within one year. Cal.Penal Code § 3041.5(b)(2) (2008). After Proposition 9, the deferral period is fifteen years unless the Board finds by clear and convincing evidence that the prisoner will be suitable for parole in ten years, in which case the deferral period is ten years. Cal.Penal Code § 3041.5(b)(3)(A)-(B) (2010). If the Board finds by clear and convincing evidence that the prisoner will be suitable for parole in seven years, the Board has discretion to set a three-, five-, or seven-year deferral period. Id. § 3041.5(b)(3)(B)-(C).

Id. at 1104-05. At the 2010 hearing, the Board set a seven year deferral period for petitioner, two years longer than the maximum deferral period under the earlier provisions of California law.

Respondents contend that this claim should be dismissed "to avoid interference with the orderly administration of justice." Motion to Dismiss, filed October 6, 2011, at 4. Specifically, respondent contends the allegations of the petition show that petitioner is a member of the class in Gilman, that the Gilman court has jurisdiction over the subject matter of this claim and may grant relief similar to that requested in this action, and that the claim should be dismissed to avoid the possibility of conflicting decisions. Petitioner has made no argument in opposition to this part of respondents' motion. Accordingly, the court will recommend dismissal of petitioner's first claim for relief without prejudice to any relief that may be available to petitioner as a member of the Gilman class.

II.  Due Process

In his second and third claims for relief, petitioner contends that the 2010 denial of parole violated his federal constitutional right to due process of law because it was not supported by sufficient evidence and was based at least in part on the Board's "reliance on unreliable risk assessment tools" in a psychological report. Petition, filed August 15, 2011, at 6.[1]

---

[1] Petitioner also claims violations of the California Constitution, but state law claims are not cognizable in this federal habeas corpus action. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).

3

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal"

procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id.

Citing Superintendent v. Hill, 472 US 445, 456 (1985), petitioner argues that the federal due process clause requires that a parole denial be support by at least "some evidence" in order to avoid arbitrary decisionmaking.[2] Petitioner contends that in Swarthout the United States Supreme Court held that the federal courts did not have the authority to grant habeas relief based on a determination that the state courts had erred in applying the "some evidence" standard that the California Supreme Court has held applies to California parole decisions. Petitioner contends that the United States Supreme Court did not answer the question of whether the federal due process clause itself requires a parole denial be supported by at least the "some evidence" required by Superintendent v. Hill in order to avoid arbitrary decisionmaking. While this contention is not without persuasive force, it is foreclosed by the decision in Swarthout. See Swarthout, at 862.

Here, it is plain from the record that petitioner was present at the 2010 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. See Ex. 1 to Respondents' Motion to Dismiss, filed October 6, 2011. According to the United States Supreme Court, the federal due process clause requires no more. Petitioner's second and third claims must therefore be denied.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either

---

[2] Petitioner also contends that the "some evidence" standard of Hill is "arguably too low" and "logically inadequate" given the liberty interest at stake in parole consideration hearings. See Petition at 35.

5

issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  As noted above, petitioner has tendered no argument in opposition to dismissal of his Ex Post Facto Clause claim from this action without prejudice.  Moreover, for the reasons set forth in these findings and recommendations he has not made a substantial showing in his second or third claim for relief that his constitutional right to due process was violated by the 2010 decision to deny him parole.  Accordingly, no certificate of appealability should issue.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Respondents' October 6, 2011 motion to dismiss be granted;

2.  Petitioner's claim that his rights under the Ex Post Facto Clause were violated by the 2010 decision to defer further parole consideration for a period of seven years be dismissed without prejudice to any relief that may be available to petitioner as a member of the class in Gilman v. Fisher, 05-0830 LKK GGH P;

3.  Petitioner's second and third claims for relief be denied; and

4.  The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

/////
/////
/////
/////
/////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: July 10, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
morr2164.mtd